GEORGE M. DICKERSON, d. b. a., *vs*. HARRY C. LAYTON, and ROBERT R. LAYTON, trading as H. C. and R. R. LAYTON, p. b. r.

1. MONEY RECEIVED—RIGHT OF ACTION.

    An action for money had and received would not lie against defendant to recover the value of manure on the defendant's farm when purchased by plaintiff, and subsequently sold by defendant, where it did not appear that any money was ever paid to the defendant.

2. TRESPASS—INJURY TO REALTY—REMOVAL OF IMPROVEMENT.

In such case, the action should have been an action of trespass against the party buying the manure from the defendant and removing it for injury to the real estate.

*(April* 11, 1916.)

Judges RICE and HEISEL sitting.

*Robert C. White* for appellant.

*Frank M. Jones* for respondent.

Superior Court, Sussex County, April Term, 1916.

APPEAL by defendant from judgment of Justice of the Peace, No. 8, April Term, 1914.

Action of assumpsit, on the common counts, by Harry C. Layton and Robert R. Layton, trading as H. C. & R. R. Layton, against George M. Dickerson, to recover the price or value of certain stable and pound manure, worth from fifty to seventy-five dollars. The manure had been made and was remaining on the farm of the defendant at the time the plaintiffs purchased the farm at sheriff's sale, under execution process against the defendant.

Thereafter and before the plaintiffs came into possession of the farm, the defendant sold the manure to another and permitted the latter to remove the same.

There was no proof what amount, if any, was paid for the manure.

When the plaintiffs rested, counsel for the defendant moved for binding instructions in favor of the defendant, on the ground that the manure was part of the realty; that the action should have been in trespass against the person removing the manure; and further that there was no proof that the defendant had received anything of value for the manure. *Fay v. Muzzey,* 79 *Mass.* (13 *Gray*) 53, 74 *Am. Dec.* 619.

Counsel for plaintiffs contended that the evidence sustained the action and that it should be submitted to the jury.

HEISEL, J., delivering the opinion of the court:

[1, 2] We feel clear that the testimony in this case does not

support the narr.   The count for money had and received only
lies when there has been payment of money to the person against
whom the action is brought.   In this case there is no testimony
that anything was ever paid to the defendant.   From the evi-
dence, it appears that the action should have been an action of
trespass against Tatman for injury to real estate.

For the reasons the court have just stated to counsel, we direct
you to find a verdict for the defendant.

Verdict for defendant.